**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ARCHIBALD DJABATEY,**<br>Plaintiff,<br>v.<br>**COGAR GROUP, LTD., et al.,**<br>Defendants. | Civil Action No. 26-cv-281 (TSC) |

## MEMORANDUM OPINION

On December 24, 2025, Plaintiff Archibald Djabatey, proceeding *pro se*, filed suit in D.C. Superior Court, alleging various violations of federal and state discrimination laws. *See* Receipt of Original File ("Original File"), ECF No. 2; *see also* Corrected Notice of Removal ("Removal Notice") ¶ 1, ECF No. 4-1. On January 3, 2026, Plaintiff filed his First Amended Complaint, supplementing his Complaint with additional factual allegations and incorporating new state law tort claims. Original File at 3[1]; Removal Notice ¶ 1; *see also* First Am. Compl., *Djabatey v. Cogar Group, LTD, et al.*, No. 2025-CAB-008437 (D.C. Super. Ct. Jan. 3, 2026). Defendant Cogar Group removed the case on January 30, 2026, citing 28 U.S.C § 1441(a) and Plaintiff's federal claim under 42 U.S.C. § 1981 as the basis for removal jurisdiction. *See* Removal Notice ¶ 7, 11, 14. Plaintiff filed two motions the following day, including a Motion for Leave to Amend, ECF No. 7, to eliminate his only federal claim, *see* Second Am. Compl., ECF No. 7-1, and a Motion to

[1] Citations to materials transmitted from D.C Superior Court are to the page numbers automatically generated by CM/ECF.

Remand, ECF No. 6. Defendants opposed both motions, *see* Defs.' Opp'n to Mot. to Amend, ECF No. 12; Defs.' Opp'n to Mot. to Remand, ECF No. 11, and filed a Motion to Dismiss the original Complaint and First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defs.' Mot. to Dismiss at 1, ECF No. 9-1.

For the reasons below, the court GRANTS Plaintiff's Motion for Leave to Amend, GRANTS Plaintiff's Motion to Remand, and DENIES Defendants' Motion to Dismiss as moot.

## I. BACKGROUND

Plaintiff is a Black man and former employee of Cogar Group. Compl. ¶¶ 3, 102, *Djabatey*, No. 2025-CAB-008437 (D.C. Super. Ct. Dec. 24, 2025). During his employment, Plaintiff alleges that he "was subjected to unusual scrutiny, inconsistent enforcement of workplace rules, and conduct that departed from standard federal security practices, including actions by supervisory personnel and individuals lacking supervisory authority." *Id.* ¶ 21. On or around December 4, 2025, Plaintiff filed a written complaint with Cogar Group asserting "unequal treatment; inconsistent enforcement of workplace rules; improper involvement of non-supervisory personnel in disciplinary matters; and conduct that undermined professional boundaries and officer dignity." *Id.* ¶¶ 22, 58. Plaintiff also states that he reported "concerns regarding professionalism, selective enforcement, and boundary violations." *Id.* ¶ 35. Soon after filing his complaint, Plaintiff was threatened, questioned about his presence at the workplace, told to change his previously flexible work schedule, accused of dishonesty, and generally retaliated against. *Id.* ¶¶ 23–98. Plaintiff claims that instead of investigating his complaint and taking corrective action, *id.* ¶¶ 49, 52, Cogar Group removed him from his post, suspended from his schedule, and later terminated him. *Id.* ¶¶ 87–88, 112.

Based on these events, Plaintiff brings numerous claims, including unlawful retaliation, in violation of 42 U.S.C. § 1981, D.C. Code § 32-1311, and D.C. Code § 32-1542, as well as unlawful retaliation, discrimination, "coercion or retaliation," and "aiding and abetting discrimination, retaliation, and coercion," in violation of the DC Human Rights Act. Compl. ¶¶ 99–295. In addition, Plaintiff brings state law false light and defamation by implication claims. First Am. Compl. ¶¶ 20–40. He seeks damages as well as declaratory, injunctive, and other equitable relief. Compl. ¶¶ 296–308

## II. LEGAL STANDARD

### A. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts should therefore grant leave to amend "[i]n the absence of any-apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Permitting amendment is "particularly appropriate" where a party proceeds *pro se*. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (cleaned up). "Because amendments are to be liberally granted, the non-movant bears the burden of showing why an amendment should not be allowed." *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

### B. Removal Jurisdiction

Federal courts "are courts of limited jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377 (1994)). Thus, "[a] civil action filed in state court may only be removed to a United States district court if the case could originally have been brought in federal court." *Nat'l Consumers League v. Flowers Bakeries, LLC.*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014) (citing 28 U.S.C. § 1441(a)). Upon a motion to remand a removed case to state court, the party opposing the motion "bears the burden of establishing that subject matter jurisdiction exists in federal court." *RWN Dev. Grp., LLC v. Travelers Indem. Co.,* 540 F. Supp. 2d 83, 86 (D.D.C. 2008) (quoting *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the W.,* 366 F. Supp. 2d 33, 36 (D.D.C. 2005)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to state court. 28 U.S.C. § 1447(c).

## III. ANALYSIS

### A. Leave to Amend

Defendants contend that Plaintiff's request for leave to amend should be denied on the ground that amendment would be futile "for the reasons identified throughout Defendants' Motion to Dismiss." Defs.' Opp'n to Mot. to Amend at 3. Yet the concerns regarding the futility of a proposed amendment are largely inapplicable where, as here, a Plaintiff seeks only to eliminate a cause of action, not add new ones. *See Wilson v. ABN Amro Mortg. Grp.*, No. 05-cv-0108, 2005 WL 3508658, at *3 (D.D.C. Dec. 21, 2005) ("An amendment is futile if the *new* claims would not survive a motion to dismiss." (cleaned up and emphasis added)). Indeed, in such instances, the appropriate vehicle to attack existing claims is precisely what Defendants have done in filing their Motion to Dismiss. *See Banner Health v. Burwell*, 55 F. Supp. 3d 1, 8 (D.D.C. 2014) ("Review for futility is practically 'identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint.'" (quoting *In re Interbank Funding Corp. Secs. Litig.*, 629 F.3d 213, 215–16 (D.C. Cir. 2010)).

Moreover, in his Proposed Second Amended Complaint, Plaintiff seeks to eliminate his singular federal claim asserted under 42 U.S.C § 1981, thereby stripping the only federal question supporting removal jurisdiction under 28 U.S.C § 1441(a). *See* Mot. for Leave to Amend at 1–4; Second Am. Compl. ¶¶ 115–312. And, as the Supreme Court recently explained,

> When a plaintiff amends [their] complaint following [their] suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.

*Royal Canin*, 604 U.S. at 30. In such instances, district courts should remand the case to state court rather than reach the merits of any pending motions to dismiss. *See id.* at 43–44.

Defendants' argument regarding the futility of Plaintiff's proposed amendment essentially asks this court to delve into an analysis of their Motion to Dismiss as applied to the purely state law claims asserted in Plaintiff's Second Amended Complaint before the court can ascertain the scope of its jurisdiction based on that amendment. The difficulty with doing so, as explained in further detail below, is that the amendment Defendants oppose strips this court of its jurisdiction to reach the very claims they suggest would not survive their pending motion to dismiss. *See Royal Canin*, 604 U.S. at 30. And because federal courts are courts of limited jurisdiction, they retain "'an independent responsibility to ensure that they have subject matter jurisdiction *before* proceeding to the merits of a case.'" *DRC, Inc. v. Rep. of Hond.*, 71 F. Supp. 3d 201, 207 (D.D.C. 2014) (emphasis added) (quoting *Carson v. U.S. MSPB*, 534 F. Supp. 2d 96, 97–98 (D.D.C. 2008)). In other words, if the court were to proceed with the analysis Defendants seek, it would have to do so under the guise of hypothetical jurisdiction, which, as the Supreme Court has instructed,

"produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).[2]

"Though [a] [c]ourt '*may* deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss,' it is not required to." *Hardrick v. Gov't of D.C.*, No. 23-cv-2151, 2026 WL 686041, at *4 (D.D.C. Mar. 11, 2026) (emphasis in original) (quoting *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012)). Because Defendants offer no other basis for rejecting Plaintiff's request beyond asking the court to render a decision on purely state law claims over which the court, in theory, lacks jurisdiction, the court exercises its discretion to grant Plaintiff leave to amend, and Plaintiff's Second Amended Complaint will be the operative pleading for resolving the Motion to Remand.

**B. Motion to Remand**

As noted above, Defendants only invoked federal question jurisdiction as the basis of removal. *See* Removal Notice ¶ 7, 11, 14. In his Second Amended Complaint, however, Plaintiff removed his sole federal claim, leaving only issues under D.C. law and dissolving "the court's power to decide the dispute." *Royal Canin,* 604 U.S. at 30. When that occurs, a case must be remanded to state court. *Id.* at 44; *see also Rep. of Venez. v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case.").

Defendants attempt to avoid this result by raising diversity jurisdiction as an alternative basis for the court's jurisdiction. *See* Defs.' Opp'n to Mot. to Remand at 4. While some Circuits

[2] Even assuming the court could reach the merits of Plaintiff's state law claims, such a determination also runs counter to the well-established principle that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966).

may permit such an approach, *see, e.g, Williams v. Costco Wholesale Corp*., 471 F.3d 975, 976–77 (9th Cir. 2006) (per curiam), it "has been criticized as contrary to well-settled practice," *Wood v. Crane Co.*, 764 F.3d 316, 326 (4th Cir. 2014), "including the practice of the D.C. Circuit, where '[d]iversity jurisdiction must be pleaded by the party claiming it,'" *Henok v. JPMorgan Chase Bank, N.A.*, 106 F. Supp. 3d 1, 6 (D.D.C. 2015) (quoting *Loughlin v. United States,* 393 F.3d 155, 172 (D.C. Cir. 2004); *accord Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 n.4 (11th Cir. 2003) (declining to exercise diversity jurisdiction because removing party "had the burden to plead this basis in its notice of removal, and it did not"); *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002) ("It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground."); *Phillips v. BJ's Wholesale Club, Inc.*, 591 F. Supp. 2d 822, 825–26 (E.D. Va. 2008) (holding that a "belated allegation" for removal did not provide a basis for federal jurisdiction because it was not raised until defendant's response to plaintiff's motion to remand, "well beyond the thirty-day time limit for removal" (emphasis omitted)).

Even assuming that Defendants *could* invoke diversity jurisdiction as the basis for removal jurisdiction after failing to include it in their Notice of Removal, they have failed to meet their burden in demonstrating it exists. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). While Defendants assert that each individual Defendant is a "resident" of Maryland, and Plaintiff lives in D.C., Defs.' Opp'n to Mot. to Remand at 4, diversity jurisdiction turns on domicile, which is legally distinct, *see Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) ("[A]n allegation of *residence* alone is insufficient to establish the citizenship

necessary for diversity jurisdiction." (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)); *see also Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) (explaining that "the court must resolve any ambiguities concerning the propriety of removal in favor of remand").

Because Defendants have not met their burden for demonstrating this court's jurisdiction, remand is both appropriate and necessary. *See* 28 U.S.C. § 1447(c)

## IV. CONCLUSION

In light of the foregoing, the court GRANTS Plaintiff's Motion for Leave to Amend and Motion to Remand. Because the case will be remanded, Defendants' Motion to Dismiss is DENIED as moot. A separate order will follow.

Date: August 26, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge